LODGED
2012 AUG -2 PM 2:29

FILED
CLERK U.S DISTRICT COURT
AUG - 9 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEY D. JIMERSON,     PLAINTIFF(S) <br><br> V. <br><br> ACCOUNT SRVS CLCTNS.,     DEFENDANT(S) | CASE NUMBER <br> **CV12- 6680 UA (DUTYx)** <br><br> **ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE** |

**IT IS ORDERED** that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____           _____
Date                                                        United States Magistrate Judge

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency.      ☐ District Court lacks jurisdiction.
☐ Legally and/or factually patently frivolous      ☐ Immunity as to _____
☒ Other:  See Attached
Comments:

_8/6/12_                                     _/s/_
Date                                                     United States Magistrate Judge

**IT IS ORDERED** that the request of plaintiff to file the action without prepayment of the filing fee is:
         ☐ **GRANTED**      ☒ **DENIED** (See comments above).

_8-8-2012_                               _/s/ Audrey B. Collins_
Date                                                  United States District Judge

Jamey D. Jimerson v. Account Srvs Clctns., et al.
No. CV 12-6680 UA (JC)

IT IS RECOMMENDED that the Court deny Plaintiff's Request to Proceed In Forma Pauperis ("IFP Application").

Plaintiff Jamey D. Jimerson ("plaintiff"), who is at liberty and proceeding *pro se*, lodged a complaint ("Complaint") with attached exhibits ("Complaint Ex.") raising claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. against defendant Account Srvs Clctns ("defendant") and ten unnamed defendants ("Doe Defendants"). Liberally construed, the Complaint essentially alleges that defendant violated FCRA by (1) requesting a copy of plaintiff's Experian consumer credit report ("credit report") for an impermissible purpose; (2) inaccurately reporting on plaintiff's credit report that defendant had "an involvement in a credit transaction with [] plaintiff"; and (3) taking "Adverse Action resulting in unfavorable changes to plaintiff's [] credit report." (Complaint at 6-7). Plaintiff also essentially alleges that defendant made false statements about its alleged permissible purpose for obtaining plaintiff's credit report which evidences a "pattern of willful noncompliance" with FCRA. (Complaint at 6-7). Plaintiff seeks monetary damages, as well as costs, interest and attorney's fees. (Complaint at 7).

An IFP request may be denied if the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e). Plaintiff's IFP Application should be denied for at least the following reasons:

First, plaintiff fails to state a FCRA claim because the Complaint does not plausibly allege that the request in issue was made under false pretenses or for an impermissible purpose. "FCRA imposes civil liability against '[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose....'"[1] Tonini v. Mandarich Law Group, LLP, 2012 WL 2726761, *3 (S.D. Cal. July 09, 2012) (citing 15 U.S.C. §§ 1681n(b); Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1985) ("[C]ivil liability for improper use and dissemination of credit information may be

---

[1] A consumer report is any communication which contains "information by a consumer reporting agency bearing on a consumer's credit worthiness...." 15 U.S.C. § 1681a(d)(1).

imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA.")). One "permissible purpose" for obtaining a consumer report is where a person "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Here, in a letter dated February 13, 2012 – which plaintiff attached as an exhibit to the Complaint and incorporated therein by reference – defendant stated that it "[had] been retained by [USAA Fed Savings Bank] for the purpose of collecting [plaintiff's] delinquent account." (Complaint at ¶¶ 17-18; Complaint Ex. D). The letterhead indicates that defendant is a member of "The Association of Credit and Collection Professionals." (Complaint Ex. D). Thus, plaintiff fails to state a viable FCRA claim predicated on allegations that defendant obtained a copy of plaintiff's credit report for an improper use. See Pyle v. First National Collection Bureau, 2012 WL 1413970, *3 (E.D. Cal. Apr. 23, 2012) ("[O]ne of the 'permissible purposes' for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) [is to] permit a collection agency retained by a creditor to collect on an account of the consumer.") (citing 15 U.S.C. § 1681b(a)(3)(A)).

While plaintiff suggests that defendant lacked a permissible purpose for requesting plaintiff's credit report because defendant's letter "did not provide . . . documentation of an involvement with a credit credit transition [sic] between Plaintiff and Defendant," (Complaint ¶ 25) plaintiff's argument lacks merit. Here, defendant's request for plaintiff's credit information could be considered "in connection with a credit transaction involving [plaintiff]" since defendant was allegedly attempting to collect a debt incurred by plaintiff with another creditor (*i.e.* USAA Fed Savings Bank). See Pintos v. Pacific Creditors Association, 565 F.3d 1106, 1113 (9th Cir. 2009), as amended on denial of rehearing, 605 F.3d 665 ("a person is 'involved' in a credit transaction for purposes of § 1681b(a)(3)(A)" where the person "initiated the [] transaction"), cert. denied, 131 S. Ct. 900 (2011); see, e.g., McNall v. Credit Bureau of Josephine County, 689 F. Supp. 2d 1265, 1274 (D. Or. 2010) (debt collector's request for plaintiffs' credit report in its attempt to collect a debt related to plaintiff's son's medical bills was permissible where plaintiff "initiated the transaction" which lead to creditor medical center providing medical care to son).

Second, plaintiff fails to state a viable FCRA claim predicated on defendant's alleged furnishing of inaccurate information to Experian regarding plaintiff's credit. Although FCRA prohibits the reporting of inaccurate credit information to credit reporting agencies like Experian, there is no private right of action based on such a violation. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (no private right of action based on violations of FCRA Section 1681s-2(a) which prohibits furnishers of credit information from "reporting information with actual knowledge of errors") (citing 15 U.S.C. §§ 1681s-2(c) & (d)), cert. denied, 131 S. Ct. 71 (2010).

Finally, the Complaint does not allege any misconduct on the part of the Doe Defendants, and thus fails to state a claim for relief against such defendants.

Consequently, plaintiff's IFP Application should be denied.